Rufus BINGHAM, Appellant,

v.

COMMERCIAL CREDIT CORPORATION
et al., Appellees.

Court of Appeals of Kentucky.

Dec. 18, 1959.

C. W. Napier, Hazard, for appellant.

Neil G. Sullivan, Lexington, Duff Arnett, Hazard, for appellees.

MILLIKEN, Judge.

This case involves the construction of a pleading. "All pleadings shall be so construed as to do substantial justice." CR 8.06.

This appeal is taken from a judgment which sustained defendants' motion to dismiss plaintiff Bingham's complaint for failure to state a claim upon which relief could be granted.

The material portions of the complaint alleged that the defendant, Commercial Credit Corporation, acting through its agent, codefendant Morgan, assaulted the plaintiff while attempting to collect from the plaintiff an installment on a debt he owed the Corporation. It further alleged that the plaintiff attempted to protect himself from impending injury, and, in swinging a pipe to do so, broke a surgical wound from which he was convalescing at the time. Items of resultant damages are then set out.

The complaint sufficiently alleges an actionable assault against Morgan, Brown v. Crawford, 296 Ky. 249, 177 S. W.2d 1, and the trial court erred in dismissing the complaint against him. It is not argued otherwise on this appeal. The other defendant, Commercial Credit Corporation, takes the position, however, that

the task of bill collecting with which its agent Morgan was engaged "does not call for the use of force" and concludes, as we understand the argument, that this proposition serves to preclude the plaintiff from asserting his claim against it.

■ Our 1951 decision in Citizens Finance Company v. Walton, Ky., 239 S.W. 2d 77, is not decisive of this case although in that case we refused to hold the corporate employer responsible for an alleged assault by one of its employee-bill collectors. That decision was rendered after a trial, while here the case comes before us solely on the sufficiency of the complaint which, under the new Civil Rules, is a comparatively simple statement of the facts and relief sought. CR 8.01. We conclude the complaint adequately states a claim. The merits of the controversy must await proof.

A comment on the Walton case and cases in other states following an opposing view may be found in 22 A.L.R.2d 1227 et seq., which reveals the divergence of views among the states. The principle controlling this type of situation is summarized in the new Restatement, Second, Agency Sec. 231(a):

"The fact that the servant intends a crime, especially if the crime is of some magnitude, is considered in determining whether or not the act is within the employment, since the master is not responsible for acts which are clearly inappropriate to or unforeseeable in the accomplishment of the authorized result. The master can reasonably anticipate that servants may commit minor crimes in the prosecution of the business, but serious crimes are not only unexpected but in general are in nature different from what servants in a lawful occupation are expected to do."

The judgment is reversed for proceedings consistent with this opinion.